Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

United States Courts
Southern District of Texas
FILED

AUG 26 2015

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CR. NO. H-15- |
| SCOTT ALLEN THOMAS | § | |

**15 CR 469**

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1
### (CONSPIRACY TO TRAFFIC IN COUNTERFEIT GOODS – 18 U.S.C. 2320)

#### A. INTRODUCTION

At all times material to this Indictment:

1. Scott Allen Thomas, defendant herein, owned and operated All Computer Parts (ACP) in Magnolia, Texas.

2. Hewlett-Packard Company (HP) was an American global technology company headquartered in Pal Alto, California with a significant presence in Tomball, Texas.

3. Cisco Systems, Inc. (Cisco) was an American multi-national technology and consulting firm with headquarters in San Jose, California .

4. International Business Machines (IBM) was an American multi-national technology and consulting firm with headquarters in Armonk, New York .

#### B. THE CONSPIRACY AND ITS OBJECTS

5. From on or about June of 2007 until on or about August 13, 2015, in the Houston Division of Southern District of Texas and elsewhere,

**SCOTT ALLEN THOMAS,**

defendant herein, did knowingly combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to devise and intend to devise a scheme and artifice to traffic in goods that he knew contained a counterfeit mark in violation of Title 18, United States Code, Section 2320(a).

### C. MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

6. The defendant would and did maintain a website offering IBM, HP, Cisco and other companies' computer products.

7. The defendant would and did sell computer products from his store in Magnolia, Texas, online through his website and through other online computer marketplaces. The defendant often received payment through PayPal.

8. The defendant would and did knowingly purchase counterfeit computer products for sale through ACP from his contacts in China, Hong Kong and other locations in Asia.

9. From May of 2008 until April of 2014 United States Customs and Border Protection (CBP) seized a total of 12 shipments from Hong Kong or China for the defendant that contained counterfeit computer products that purported to be the work of HP, Cisco and IBM.

10. On March 27, 2013, May 23, 2013 and December 11, 2013, special agents of United States Homeland Security Investigations (HSI) made undercover purchases of computer products from the defendant, as described in Counts 2-4 of this indictment. All of the products purchased in those transactions were counterfeit goods.

## D. OVERT ACTS

11. In furtherance of the conspiracy, and to affect the objects thereof, the defendant performed and caused to be performed, among others, the overt acts listed in Counts 2-4 of this Indictment, hereby re-alleged and incorporated as if fully set forth in this Count of the Indictment.

All in violation of Title 18, United States Code 2320.

## COUNTS 2 THROUGH 4
## (TRAFFICKING IN COUNTERFEIT GOODS – 18 U.S.C. 2320)

### A. INTRODUCTION

1. The Grand Jury re-alleges paragraphs 1-4 of Count 1 of this Indictment and incorporates them as if fully set forth in Counts 2-4 of the Indictment.

### B. THE SCHEME AND ARTIFICE

2. From on or about June of 2007 until on or about August 13, 2015, in the Houston Division of Southern District of Texas and elsewhere,

**SCOTT ALLEN THOMAS,**

defendant herein, aided and abetted by others known and unknown to the grand jury, did knowingly traffic in goods that he knew contained a counterfeit mark, as more fully set forth in the counts below.

### C. MANNER AND MEANS OF THE SCHEME AND ARTIFICE

3. Among the unlawful and dishonest means by which the defendants sought to accomplish and did accomplish the purpose of the scheme were the acts set forth in paragraphs 6-10 of Count 1 of this Indictment, are re-alleged and incorporated as if fully set forth in these counts of the Indictment.

3

## D. EXECUTION OF THE SCHEME AND ARTIFICE

4. On or about the following dates, the defendant executed this scheme by intentionally selling counterfeit computer products, knowing that the products contained a counterfeit mark, as described in the counts below:

| COUNT | DATE | AMOUNT OF SALE | DESCRIPTION OF PURPORTED PRODUCT SOLD |
|---|---|---|---|
| TWO | March 27, 2013 | $470 | Two HP J4859C transceivers |
| THREE | May 23, 2013 | $720 | Six HP J4858C transceivers |
| FOUR | December 11, 2013 | $540 | One HP 461135-B21 hard drive |

In violation of Title 18, United States Code, Sections 2320 and 2.

## COUNT 5
### (Felon in Possession of a Firearm- 18 U.S.C. 922(g)(1))

On or about February 19, 2014, in the Houston Division of the Southern District of Texas,

**SCOTT ALLEN THOMAS,**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, firearms, namely a Smith & Wesson .38 caliber revolver, which had been shipped in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## Notice of Criminal Forfeiture

Pursuant to Title 18, United States Code, Section 2323(a) and (b), the United States gives notice to the defendant,

## SCOTT ALLEN THOMAS

That upon his conviction for a violation of Title 18, United States Code, Section 2320, the United States intends to seek forfeiture of any article, the making or trafficking of which is prohibited by that section; any property used, intended to be used, in any manner or part to commit or facilitate the commission of such offense; and all property constituting or derived from proceeds obtained directly as a result of such offense.

## Money Judgment

The defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## Substitute Assets

In the event that the property subject to forfeiture as a result of any act or omission of the defendants:

a. cannot be located upon exercise of due diligence;

b. has been placed beyond the jurisdiction of the Court;

c. has been transferred or sold to, or deposited with a third party;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p) incorporated by reference in Title 18, United States Code, Section 2320(b)(2)(A) and Title 28, United States Code, Section 2461(c).

TRUE BILL:

Original Signature on File

/FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
JAY HILEMAN
Assistant United States Attorney